IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §  Criminal Action No. |
| vs. | §  3:22-CR-300-S |
| | § |
| JOSE CAMILLO PINEDA | § |

### FINDINGS, CONCLUSION AND RECOMMENDATION

By order of reference dated February 7, 2023 (doc. 13), before the Court for recommendation are the *Petition for Person Under Supervision*, filed August 17, 2022 (doc. 3), an *Amended Petition for Person Under Supervision*, filed September 8, 2022 (doc. 7), and an *Addendum to Petition for Person Under Supervision*, filed March 3, 2023 (doc. 22). The defendant appeared in person and through counsel for a final revocation hearing on March 9, 2023, and a supplemental hearing on March 10, 2023. After consideration of the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and he should be sentenced to an additional term of imprisonment of **TWELVE (12) MONTHS and ONE (1) DAY**, to be followed by an additional term of supervised release of **THIRTY-SIX (36) MONTHS**.

### I. BACKGROUND

On November 13, 2013, Jose Camillo Pineda (Defendant) was charged by indictment filed in the Eastern District of Texas with conspiracy to possess with the intent to distribute of at least 50 grams but less than 500 grams of a mixture or substance containing a detectable amoutn of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (*See* doc. 2 at 1.)[1] He pleaded guilty to a superseding information, and by judgment dated April 7, 2015, he was sentenced to 115 months of imprisonment, to be followed by a four-year term of supervised release. (*See id.* at 4-15.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

He began his term of supervised release on June 3, 2022, and jurisdiction was transferred to the Northern District of Texas by order dated August 9, 2022. (*See* doc. 1.)

A.   **Petition**

On August 17, 2022, the supervising United States Probation Officer (USPO) submitted a petition for person under supervision (Petition) alleging the following violations:

I.

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administered [sic] any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Nature of Noncompliance**

Jose Pineda violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about June 2022. On June 13 and 21, 2022, Mr. Pineda submitted a urine specimen to Lakes Regional MHMR in Greenville, Texas, that tested positive for methamphetamine. Both specimens were confirmed positive for methamphetamine by Alere Laboratories.

II.

**Violation of Special Condition**

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.

**Nature of Noncompliance**

Mr. Pineda violated this condition of supervised release by failing to attend substance abuse treatment sessions and by failing to submit to substance abuse testing as directed.

Mr. Pineda failed to submit random urine specimens as directed to Lakes Regional MHMR, Greenville, Texas on June 30, 2022, July 5, and 18, 2022.

In addition, Mr. Pineda failed to attend drug treatment sessions as directed to Lakes Regional MHMR, Greenville, Texas on June 30, 2022, July 5, and 18, 2022.

(*See* doc. 3.) The Petition stated that Mr. Pineda did not make himself available for supervision and that he absconded from supervision less than a month of his release from federal custody. (*Id.* at 2.) A summons for Defendant's appearance was issued. (*See id.* at 4; doc. 4.)

**B.   Amended Petition**

On September 8, 2022, the supervising USPO submitted an amended petition for person under supervision (Amended Petition) that was identical to the Petition, except that it requested issuance of a warrant for Defendant's arrest instead of a summons. (*See* doc. 7 at 4; doc. 8.)

**C.   Addendum to Petition**

On March 3, 2023, the supervising USPO submitted an addendum to the petition for person under supervision (Addendum) that alleged the following violations:

**II.**

**Violation of Special Condition**

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.

**Nature of Noncompliance**

Mr. Pineda violated this condition of supervised release by failing to attend substance abuse treatment sessions and by failing to submit to substance abuse testing as directed.

Mr. Pineda failed to submit random urine specimens as directed to Lakes Regional MHMR, Greenville, Texas on June 30, 2022, July 5, and 18, 2022.

In addition, Mr. Pineda failed to attend drug treatment sessions as directed to Lakes Regional MHMR, Greenville, Texas on **June 15**, 30, 2022, and July 5, 2022.

### III.

**Violation of Mandatory Condition**

The defendant shall not commit another federal, state or local crime.

**Nature of Noncompliance**

On December 23, 2022, in Plano, Texas, Mr. Pineda violated this condition of supervised release when he intentionally refused to give his true name to a peace officer, as evidenced by a[n] arrest warrant issued by Collin County for Failure to Identify, in violation of Texas Penal Code 38.02 (a)(d) a Class B Misdemeanor. On March 3, 2023, a criminal background check was conducted, and confirmed the warrant remains active.

### IV.

**Violation of Mandatory Condition**

The defendant shall not leave the judicial district without the permission of the court or probation officer.

**Nature of Noncompliance**

Mr. Pineda violated this condition of supervised release by traveling outside the Northern District of Texas without permission, as evidenced by his arrest by Comanche County Police Department, Comanche, Texas. On January 23, 2023, Mr. Pineda was arrested on the federal warrant for violations of his term of supervised release.

(doc. 22.)

**C.   Hearings**

Defendant was arrested and made his initial appearance in this district on February 3, 2023. (*See* doc. 10.) On that date, he waived his rights to a preliminary hearing under Fed. R. Civ. P. 32.1 and to a detention hearing, after which he was ordered detained pending a revocation hearing. (*See* docs. 11, 12, 16.)

Defendant appeared for a final revocation hearing on March 9, 2023. His counsel orally objected that Fed. R. Crim. P. 32 was unconstitutional and violated his right to due process, but conceded that there was no binding precedent to support this objection. The objection was overruled,

to the extent of the magistrate judge's authority to overrule the objection.

After his competence was established, Defendant testified under oath that he understood the violations alleged in the petitions, and the range of punishment for those violations. He also understood that he had the right to plead not true and have a hearing concerning whether he committed those violations, and that revocation was mandatory. Despite his understanding, Defendant knowingly and voluntarily consented to enter a plea of true before a United States Magistrate Judge to the violations alleged in the Petition and Amended Petition, as corrected in the Addendum, except for the alleged failure to attend drug treatment sessions on June 15, 2022. He sought to be heard, however, on the issue of the appropriate sentence. The government elected to not proceed on the alleged failure to attend drug treatment sessions as directed on June 15, 2022, as well as the violation of the mandatory condition that Defendant not commit a federal, state or local crime alleged in the Addendum. It also conceded that Comanche, Comanche County, Texas, lies within the Northern District of Texas, so Defendant did not violate the mandatory condition that he not leave the judicial district without permission, as alleged in the Addendum.

At the conclusion of the hearing, it was orally recommended that the plea of true, as limited, be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of **TWELVE (12) MONTHS and ONE (1) DAY**, with an additional term of supervised release of forty-eight (48) months, subject to the same mandatory, standard and special conditions imposed in the original judgment, as well as additional conditions. Defendant was advised that (1) a formal written recommendation would issue; (2) he would have 14 days to object to the recommendation; (3) he had a right to appear and speak, and to have his counsel appear and speak, before the district judge prior to sentence being imposed; and (4) that he could waive these rights.

On March 10, 2023, Defendant appeared for a supplemental hearing. He was specifically advised of the guideline range of punishment of 7 to 13 months of imprisonment. Under oath, he confirmed that he understood the range of punishment and still wished to proceed with his plea of true, as stated during the prior hearing. His counsel clarified that he was challenging Fed. R. Crim. P. 32 and Local Criminal Rule 32.1. Defendant was advised that it would be recommended that the objection be overruled. The recommendation for Defendant's additional term of supervised release was reduced from forty-eight (48) to thirty-six (36) months, and the mandatory, standard and special conditions imposed in the original judgment, as well as additional conditions, for his additional term of supervised release were read aloud to him, and he confirmed that he understood them. At the conclusion of the hearing, it was again orally recommended that the plea of true, as limited, be accepted by the district judge, that Defendant's term of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of **TWELVE (12) MONTHS and ONE (1) DAY**, with an additional term of supervised release of **THIRTY-SIX (36) MONTHS**, subject to the same mandatory, standard and special conditions imposed in the original judgment, as well as additional conditions, all of which were read aloud to him. Defendant was advised that (1) a formal written recommendation would issue; (2) he would have 14 days to object to the recommendation; (3) he had a right to appear and speak, and to have his counsel appear and speak, before the district judge prior to sentence being imposed; and (4) that he could waive these rights.

## II. OBJECTION

In open court at the revocation hearing and supplemental hearing, without any supporting briefing, Defendant objected that Rule 32 of the Federal Rules of Criminal Procedure is unconstitutional and violates his rights to due process because it permits a probation officer's sentencing recommendation to be withheld, citing *United States v. Pendleton*, 532 F. App'x 529

(2013) (per curiam). He subsequently clarified that he was also objecting that Local Criminal Rule 32.1 of the Local Criminal Rules for the Northern District of Texas is unconstitutional.

Rule 32(e)(3) of the Federal Rules of Criminal Procedure states that "[b]y local rule or by order in a case, the court may direct the probation office not to disclose to anyone other than the court the officer's recommendation on the sentence." Local Criminal Rule 32.1 states: "A probation officer shall not disclose any recommendation regarding the sentence."

In *Pendleton*, the probation officer's sentencing recommendation was inadvertently disclosed to the defendant, and he challenged the recommendation for a sentence at the top of the sentencing range on grounds that the probation officer had improperly considered his rehabilitative needs and arrest record. 532 F. App'x at 530. He also challenged the validity of Local Criminal Rule 32.1, arguing that it violated his right to due process by allowing the sentencing recommendation to be withheld. *Id.* The United States Court of Appeals for the Fifth Circuit noted that it had "not previously addressed in a published opinion whether a blanket prohibition on disclosure is unconstitutional or in conflict with Rule 32(i)(1)(c)," but it found that it need not decide that question because the defendant had received the recommendation and had the opportunity to challenge it. *Id.* at 530-31. It agreed with the government that he lacked standing to raise the challenge. *Id.* at 531.

Although the Fifth Circuit does not appear to have specifically addressed the issue, other circuits have consistently rejected similar challenges to the constitutionality of Rule 32(e)(3), generally finding that a defendant has received due process if the district court has disclosed all relevant information considered in imposing a sentence. *See United States v. Peterson*, 711 F.3d 770, 777 (7th Cir. 2013); *United States v. Baldrich*, 471 F.3d 1110, 1113 (9th Cir. 2006); *United States v. Kalady*, 941 F.2d 1090, 1096 (10th Cir.1991); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir.1988), *overruled on other grounds by Taylor v. United States*, 495 U.S. 575, 580 n. 2 (1990); *see*

*also United States v. Kennedy*, 651 F. App'x 870, 874 (11th Cir. 2016); *United States v. Cole*, 296 F. App'x 195, 198 (2d Cir. 2008). In the context of a revocation proceeding, as here, the Ninth Circuit has likewise rejected this argument, noting that due process is satisfied as long as any factual information in the recommendation that the court relied upon at sentencing was disclosed. *United States v. Whitlock*, 639 F.3d 935, 940-41 (9th Cir. 2011). This Court agrees with and adopts this reasoning.

Here, as stated on the record, the only factual information considered in determining the recommended sentence was set out in the petitions. The letters of support from Defendant's family were also considered. For this reason, as well as the weight of persuasive authority, Defendant's objection should be overruled.

### III. SENTENCE

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     \*\*\*
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical

>   care, or other correctional treatment in the most effective manner;
>   \*\*\*
> (4) the kinds of sentence and the sentencing range established for--
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>     (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
>   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>   (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[2] Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on his knowing and voluntary plea of true, the Court finds that Defendant has violated the mandatory conditions, special conditions, and Standard Condition No. 7 alleged in the Petition and

---

[2] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

Amended Petition, as corrected in the Addendum, except for the alleged failure to attend drug treatment sessions as directed on June 15, 2022. Because he violated his conditions of supervised release by possessing a controlled substance and refusing to comply with drug testing, revocation of his supervised release is mandatory.

As set out in the petitions, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is three years. (*See* doc. 3 at 3 (citing 18 U.S.C. § 3583(e)(3)); doc. 7 at 3; doc. 22 at 3.) Based upon a violation grade of C and a criminal history category of V, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 7 to 13 months. (*See id.*) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. (*See id.*, citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of supervised release of up to five years, minus the revocation sentence. (*See id.,* citing 18 U.S.C. § 3583(h).)

After considering only the facts alleged in the petitions and Defendant's plea of true, as well as the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit authority, the Court finds that a custody sentence of **TWELVE (12) MONTHS and ONE (1) DAY**, to be followed by an additional term of supervised release of **THIRTY-SIX (36) MONTHS**, is sufficient but not greater than necessary to accomplish the relevant sentencing objectives. This sentence is warranted under the facts of this case set out in the petitions. Defendant tested positive for methamphetamine within ten days of beginning his term of supervised release, and he again tested positive for methamphetamine

eight days later. He subsequently failed to report for treatment and drug testing and absconded from supervision. His failure to utilize the services provided by the U.S. Probation Office demonstrates that he was neither willing nor ready to commit to behavioral change. Defendant did not give himself the opportunity to succeed on supervised release after being given a fair opportunity to do so, and a custody sentence near the top of the guideline range will assist in serving as a deterrent to further drug use and criminal behavior. An additional term of supervised release will also afford him an opportunity to address his addiction and obtain substance abuse and mental health treatment, and the supervision of a probation officer can help provide him a greater chance at successful reintegration as well as access to available resources to assist him.

## IV.  RECOMMENDATION

Defendant's objection to the constitutionality of Fed. R. Crim. P. 32(e)(3) and Local Criminal Rule 32.1 should be overruled, his plea of true should be accepted, and he should be found to have violated the mandatory conditions, special conditions, and Standard Condition No. 7 alleged in the Petition and Amended Petition, as corrected in the Addendum, except for the alleged failure to attend drug treatment sessions on June 15, 2022. His term of supervised release should be **REVOKED**, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWELVE (12) MONTHS and ONE (1) DAY**, to be followed by an additional term of supervised release of **THIRTY-SIX (36) MONTHS**, subject to the same conditions imposed in the original judgment, a copy of which is attached, as well as the following conditions:

**Recommended Additional Conditions:**

1. The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at a rate of at least $25.00 per month.

2.  The defendant shall participate in an inpatient program approved by the probation officer for treatment of narcotic, drug, alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at a rate of at least $25.00 per month.

3.  The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged.  These services may include medications prescribed by a licensed physician.  The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25.00 per month.

4.  The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's efforts to obtain and maintain lawful employment.

**SO RECOMMENDED on this 10th day of March, 2023.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE