# United States District Court

## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 3:22-CR-300-S |
| | § | |
| JOSE CAMILLO PINEDA, JR. (1) | § | |

## ORDER

The Court referred the Petition for Person Under Supervision ("Petition") [ECF No. 3], Amended Petition for Person Under Supervision ("Amended Petition") [ECF No. 7], and the Addendum to Petition for Person Under Supervision ("Addendum") [ECF No. 22] to the United States Magistrate Judge for consideration. The Magistrate Judge held hearings on the alleged violations, *see* ECF Nos. 23, 25, and issued the Findings, Conclusion and Recommendation ("Recommendation"), *see* ECF No. 27, to which Defendant Jose Camillo Pineda, Jr., objected, *see* Defendant's Objection to Sentencing Recommendation and Ruling on Defense Objection to Local Rule 32.1 ("Objections"), ECF No. 30. Having reviewed de novo the Recommendation, Objections, and applicable law, the Court **ACCEPTS** the Recommendation for the following reasons.

## I.      BACKGROUND

Defendant was sentenced to a term of imprisonment of 115 months with four years of supervised release, subject to certain conditions, in the Eastern District of Texas.[1] *See* Addendum 1. In the Petition, Amended Petition, and Addendum, the U.S. Probation Officer notified the Court that Defendant violated certain conditions of his supervised release. After Defendant pleaded true to the violations, the Magistrate Judge recommended that the Court revoke Defendant's supervised

---

[1] Defendant's case was transferred to this Court on August 9, 2022. *See* ECF Nos. 1, 2.

release and sentence him to an additional term of imprisonment of twelve months and one day with three years of supervised release to follow. Recommendation 1. Defendant waived his right to allocute before this Court, *see* Objections 1, and objected to the Recommendation on two grounds. First, Defendant requests that this Court modify the recommended sentence to remove the term of supervised release. *See id.* at 3. Second, Defendant asserts the Magistrate Judge erred in overruling his Local Criminal Rule 32.1 objection. *Id.* at 3-4.

## II.    ANALYSIS

Defendant first argues that no term of supervised release should be imposed "because of the limited resources of supervised release" and Defendant's previous failure to avail himself of those resources when given the opportunity. *Id.* at 3. According to Defendant, he will instead "lean on the resources and support of his family." *Id.* Defendant further notes that the Government recommended a term of twelve months and one day with no supervised release to follow. *Id.*

A revocation sentence that falls within the range of the Sentencing Guidelines policy statement carries a presumption of reasonableness. *United States v. Montague*, 831 F. App'x 676, 677 (5th Cir. 2020) (citing *United States v. Lopez-Velasquez,* 526 F.3d 804, 809 (5th Cir. 2008)). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (citation omitted).

Here, Defendant's admitted violations produce a policy statement range of seven to thirteen months imprisonment, with a statutory cap of three years maximum custody and five years of supervised release, minus the revocation sentence. *See* Addendum 3. The recommended sentence of twelve months and one day imprisonment and three years of supervised release falls within that range, and therefore is presumptively reasonable. The Magistrate Judge provided reasons for

2

imposing an additional term of supervised release on the record twice. *See* Tr. of Revocation Hr'g, ECF No. 28 at 25:19-26:5; Tr. of Suppl. Revocation Hr'g, ECF No. 29 at 8:7-18. The Magistrate Judge, after hearing the evidence, stated that Defendant "didn't give himself a chance on supervised release" in the first instance, specifically addressing Defendant's previous—and admitted—failure to use "the support services that come with a term of supervised release." Tr. of Suppl. Revocation Hr'g, ECF No. 29 at 8:7-13. Further, any concerns regarding the availability of resources can be raised with the Court, if necessary, when Defendant continues on supervised release. Therefore, the Court finds the Magistrate Judge's assessment of the proper sentence reasonable under the circumstances, accepts the conclusion, and overrules the objection.

Next, Defendant challenges the Magistrate Judge's decision to overrule his objection to Local Criminal Rule 32.1, which provides that "[a] probation officer shall not disclose any recommendation regarding the sentence." According to Defendant, this "blanket prohibition on the disclosure of the probation officer's sentencing recommendation, regardless of its content" violates constitutional rights to due process and effective assistance of counsel, as well as Federal Rule of Criminal Procedure 32(i)(1)(C), which states the court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Objs. 3-4. Defendant further asserts that "it is unclear whether there were fact-based assertions and opinions made in the probation officer's confidential sentencing recommendation to the Magistrate Judge regardless of whether the Magistrate Judge relied on them." *Id.* at 4.

Despite Defendant's challenges to Local Rule 32.1, both the Federal Rules of Criminal Procedure and Fifth Circuit case law support its validity. Federal Rule of Criminal Procedure 32(e)(3) allows the court "[b]y local rule or by order in a case" to "direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence." Further,

3

as the Magistrate Judge noted, the Fifth Circuit in *United States v. Pendleton* declined to address "whether a blanket prohibition on disclosure" pursuant to Local Rule 32.1 "is unconstitutional or in conflict with [Federal Rule of Criminal Procedure] 32(i)(1)(c)." 532 F. App'x 529, 530 (5th Cir. 2013). During the initial revocation hearing, counsel for Defendant acknowledged there was no binding precedent to demonstrate the local rule is unconstitutional or otherwise inapplicable. *See* Tr. of Revocation Hr'g, ECF No. 28 at 4:11-16.

In *United States v. Johnson*, the Fifth Circuit considered whether the district court erred when it relied on information contained in Probation's confidential sentencing recommendation to impose a sentence. 956 F.3d 740, 747 (5th Cir. 2020). Pursuant to a local rule similar to the one at issue in this case,[2] the recommendation was not disclosed to the defendant and contained information that was not included in the presentence report, and the record demonstrated that the court considered the information when justifying an upward variance. *Id.* at 741-43. The defendant argued "the presentation of secret facts to the district court in a confidential sentencing recommendation" violated Federal Rule of Criminal Procedure 32, the defendant's constitutional right to due process, the Confrontation Clause, and the defendant's right to counsel. *Id.* at 743 (internal quotation marks omitted). The Fifth Circuit held the use of the undisclosed information to justify an above-guidelines sentence violated Federal Rule of Criminal Procedure 32(d)(2). *Id.* at 746-47.

But the Fifth Circuit declined the defendant's invitation to go further and hold that Rule 32(e)(3) "must be strictly limited to maintaining confidentiality of . . . a numeric range, or alternatively, a justification section that only includes facts disclosed in the [presentence report]."

---

[2] The rule at issue was Local Uniform Criminal Rule 32 in the Northern District of Mississippi, which states: "As authorized by Federal Rule of Criminal Procedure 32(e)(3), the probation officer's recommendation on the initial sentence shall not be disclosed unless so ordered by the sentencing judge."

*Id.* at 744. The Fifth Circuit reasoned that "[a] numeric range without justification or reasoning does not aid the district court in determining a sentence that satisfies the" requisite factors. *Id.* at 745. Instead, the court narrowly held that "Rule 32(e)(3) cannot be used to shield undisclosed facts or factual allegations upon which a probation officer substantially relies in recommending . . . the selection of a particular sentence within [the Guidelines sentencing] range." *Id.* The Fifth Circuit also declined to reach the constitutional challenges to the local rule. *Id.* at 747.

Other circuit courts have used similar reasoning to uphold the constitutionality of local rules that direct Probation not to disclose its sentencing recommendations to anyone other than the court and to uphold district courts' use of such recommendations, so long as the court has disclosed the facts it relied on to impose a sentence. *See, e.g.*, *United States v. Peterson*, 711 F.3d 770, 777 (7th Cir. 2013) ("[W]e have held that if all facts on which the probation officer's recommendation is based appear in the [presentence report], the district court's consideration of the recommendation at sentencing does not violate due process." (citing *United States v. Heilprin*, 910 F.2d 471, 474 (7th Cir. 1990))); *United States v. Kennedy*, 651 F. App'x 870, 874 (11th Cir. 2016) (same); *United States v. Cole*, 296 F. App'x 195, 198 (2d Cir. 2008) (same); *United States v. Baldrich*, 471 F.3d 1110, 1113 (9th Cir. 2006) (same).

Here, the Magistrate Judge stated on the record that she "considered no facts outside of what is set out in the petitions and the addendum" and "made [her] own independent determination based on the facts that were . . . presented in the petitions and stipulated to and agreed to by . . . Defendant." Tr. of Suppl. Revocation Hr'g, ECF No. 29 at 4:20-22, 5:21-6:1. Absent evidence to the contrary, the Court has no reason to suspect that the Magistrate Judge relied on facts unknown to the parties in making her sentencing recommendation, and as such, the Court is unwilling to find statutory or constitutional violations stemming from the Magistrate Judge's sentencing

consideration. *See Pendleton*, 532 F. App'x at 531 (rejecting challenge to recommendation where "nothing in the court's statements at sentencing suggest[ed] any improper reliance" on facts undisclosed to the defendant); *see also Kennedy*, 651 F. App'x at 874 (holding there was "no denial of due process or ineffective assistance of counsel arising out of th[e] issue" where the district court denied the defendant's "request for disclosure of the probation officer's confidential sentencing recommendation" because "[t]he record reveal[ed] no reason to suspect that the confidential recommendation contained any facts beyond those in the [presentence report]" and the defendant "fail[ed] even to suggest any such facts"). Defendant provides no support for the assertion that the Magistrate Judge's mere reading of Probation's recommendation was impermissible under the law. *See Johnson*, 956 F.3d at 744 ("Rule 32(e) permits a district court . . . to direct the probation officer not to disclose to anyone other than the court the officer's recommendation on the sentence" (internal quotation marks and citation omitted)).

Therefore, the Court agrees with the Magistrate Judge's Recommendation and overrules Defendant's objection.

### III.    CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant's Objection to Sentencing Recommendation and Ruling on Defense Objection to Local Rule 32.1 [ECF No. 30] and **ACCEPTS** the Findings, Conclusion and Recommendation [ECF No. 27]. It is **ORDERED** that Defendant's supervised release is hereby **REVOKED** and that Defendant is sentenced to a term of imprisonment of twelve (12) months and one (1) day with a term of thirty-six (36) months of supervised release to follow.

It is further **ORDERED** that Defendant comply with conditions of supervised release, including the additional terms imposed during the hearing on March 10, 2023.

    **SO ORDERED.**

    SIGNED April 17, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**